UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-72-RJC-DSC

| | |
|---|---|
| CHARMANE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| BANK OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court for initial review of the *pro se* Complaint, (Doc. No. 1), pursuant to 28 U.S.C. § 1915(e). Plaintiff has also filed an Application to Proceed *In Forma Pauperis*, (Doc. No. 2), and a Motion for Summary Judgment, (Doc. No. 3).

## I. BACKGROUND

Plaintiff, who claims to be a citizen of Tennessee, has named Bank of America as the sole Defendant in this action. She asserts the existence of federal question and diversity jurisdiction. Plaintiff states that she is bringing claims of "Product Liability – Negligence – Strict Liability [and] Breach of Warranty." (Doc. No. 1 at 2). She alleges that she has been "billed for fees that were improperly imposed, that were not owed or due." (Doc. No. 1 at 2). She seeks $8,000,000, costs, fees, and interest.

In her Motion for Summary Judgment, Plaintiff asks that the Court enter an $8,000,000 judgment in her favor because she "ha[s] written, bank records and statements as proof that the bank improperly charged fees and mis-serviced [her] bank account." (Doc. No. 3 at 1).

## II. MOTION TO PROCEED *IN FORMA PAUPERIS*

The Court first addresses Plaintiff's Application to Proceed *In Forma Pauperis*. Plaintiff's

1

affidavit shows that she has monthly income totaling $1,000 in the form of supplemental security income and food stamps. (Doc. No. 2 at 1). She has no assets. (Id.). Her monthly expenses total $752, including $550 for housing, $12 for food, $30 for clothing, and $100 for "personal care." (Id. at 2). The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, grant the Application and permit Plaintiff to proceed *in forma pauperis*.

**III.     STANDARD OF REVIEW**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted) (to satisfy Rule 8(a), a plaintiff must "offer more detail … than the bald statement that he has a valid claim of some type against the defendant.").

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the

pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

Plaintiff's bare references to "Product Liability – Negligence – Strict Liability [and] Breach of Warranty" are insufficient to state a claim under Rule 8(a). The Complaint's sole factual allegations are that Plaintiff has been billed for fees that were improperly imposed. Plaintiff fails to allege what type of fees are involved, why Defendant should be liable, or how any of the legal theories she has cited relate to her factual allegations in any way. The Complaint is insufficient to pass initial review and will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Moreover, the Complaint is so deficient that the Court cannot determine whether it has subject matter jurisdiction over this action. The burden of establishing jurisdiction rests with the party seeking to litigate in federal court. See McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178, 189 (1936) ("the party who seeks the exercise of jurisdiction in his favor … must allege in his pleadings the facts essential to show jurisdiction"); Dracos v. Hellenic Lines Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). As a general matter, the sum claimed by the plaintiff controls if the claim is apparently made in good faith; it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). Although a *pro se* complaint is entitled to liberal construction, the Court is unable to invent potential bases for exercising subject matter jurisdiction. See Merrell Dow Pharm., Inc. v.

Thompson, 478 U.S. 804, 809 n.6 (1986) ("jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

Plaintiff conclusively states that the Court has federal question jurisdiction and diversity jurisdiction over this case. The Court cannot conclude that federal question jurisdiction exists because Plaintiff has failed to set forth any cause of action and the existence of a federal question is not evident from the Complaint. As to diversity jurisdiction, Plaintiff has adequately alleged the existence of diversity between the parties, however, she has failed to satisfy the amount in controversy requirement. Plaintiff, who is proceeding *in forma pauperis* and claims to have no assets, alleges that she was improperly charged with bank fees. She does not state the amount of the fees or explain any other measure of damages. The Court cannot conclude under these circumstances that Plaintiff's claim for $8,000,000 bears any relation to the damages she actually incurred or was made in good faith. For all of these reasons, the Complaint is subject to dismissal for lack of jurisdiction. See, e.g., Coulter v. Tatananni, 2017 WL 3835964 (W.D. Pa. June 30, 2017) (*pro se* plaintiff failed to establish any basis for federal question jurisdiction and the amount in controversy was not met because reference to $10 million bore no apparent any relation to the damages she allegedly incurred), *report adopted*, Coulter v. Tatananni, 2017 WL 3783014 (W.D. Pa. Aug. 30, 2017), *affirmed by* Coulter v. Tatananni, 737 Fed. Appx. 613 (3d Cir. 2018) (affirming dismissal without prejudice; finding that plaintiff's failure to state a § 1983 claim was a jurisdictional defect, and that plaintiff did not attempt to meet her burden of production after questions concerning diversity jurisdiction were raised by the magistrate judge).

Based on the foregoing, the Court will dismiss this action without prejudice for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

Plaintiff's Motion for Summary judgment is premature as the Complaint has not passed

4

initial review and Plaintiff has failed to establish that the Court has jurisdiction over this action. The Motion will therefore be denied as premature.

Plaintiff may file an Amended Complaint fully setting forth the claims she wishes to pursue, the facts upon which those claims are based, and the basis for the Court's subject matter jurisdiction, within **30 days** of this Order. Plaintiff's Amended Complaint must include the instant case number and follow all applicable rules including the Court's local rules and the Federal Rules of Civil Procedure. The Amended Complaint must be complete in and of itself because it will supersede the original Complaint. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). Plaintiff may not amend the Complaint "piecemeal" by simply adding on to what she has already alleged in prior filings. If Plaintiff fails to timely file an Amended Complaint within 30 days of the entry of this Order on the case docket, the case will be dismissed and closed without further notice.

### IV. CONCLUSION

For the foregoing reasons, the Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and Plaintiff's Motion for Summary Judgment is denied as premature. Plaintiff may file an Amended Compliant within 30 days in accordance with this Order.

**IT IS, THEREFORE, ORDERED that:**

1. The Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

2. Plaintiff may file an Amended Complaint within **30 days** and the failure to do so will result in this action being dismissed and closed without further notice.

3. Plaintiff's Application to Proceed *In Forma Pauperis*, (Doc. No. 2), is **GRANTED**.

4. Plaintiff's Motion for Summary Judgment is **DENIED** as premature.

Signed: April 10, 2019

Robert J. Conrad, Jr.
United States District Judge