UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00072-RJC-DSC

| | |
|---|---|
| CHARMANE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| BANK OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Relief from Judgment or Order, (Doc. No. 7), Motion for a Conference, (Doc. No. 8), and Motion for Taxation of Costs, Fees, and Expenses, (Doc. No. 9).

I. BACKGROUND

On February 12, 2019, Plaintiff filed (1) a pro se Complaint against Defendant Bank of America, (Doc. No. 1), (2) an Application to Proceed *In Forma Pauperis*, (Doc. No. 2), and (3) a Motion for Summary Judgment, (Doc. No. 3). The Complaint asserted the existence of federal question and diversity jurisdiction and alleged a claim for "Product Liability – Negligence – Strict Liability – [and] Breach of Warranty." Plaintiff alleged she had "been billed for fees that were improperly imposed, that were not owed or due." Plaintiff sought $8 million plus costs, fees, and interest.

On April 10, 2019, the Court issued an order allowing Plaintiff to proceed *in forma pauperis* and reviewing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

(Doc. No. 4.) The Court concluded that the Complaint failed to state a claim on which relief may be granted and was insufficient to enable the Court to determine whether it had subject matter jurisdiction over the action. The Court thus dismissed without prejudice the Complaint for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction. The Court allowed Plaintiff to file an amended complaint within thirty days and stated that in the absence of an amended complaint, the action would be dismissed without further notice. The Court denied Plaintiff's Motion for Summary Judgment as premature.

Plaintiff failed to file an amended complaint, and on August 9, 2019, the Court entered an order dismissing the case under Rule 41(b) for failure to prosecute. (Doc. No. 5.) Judgment was entered that same day. (Doc. No. 6.)

On August 20, 2019, Plaintiff filed the instant motions. (Doc. Nos. 7 to 9.) In the Motion for Relief from Judgment or Order, (Doc. No. 7), Plaintiff states that she mailed an amended complaint to the Court on April 29, 2019. Plaintiff further states that she "ha[s] written records of the mailings" and "copies of all submissions" and contends that the Court's order dismissing the case was "entered in error or due to fraud on [the] Court."

In the Motion for a Conference, (Doc. No. 8), Plaintiff requests "a Conference with the Presiding Judge and the Defendant." The motion states:

> 1. The above-captioned case was dismissed on April 9, 2019 [sic] – either in error or due to fraud on [the] Court.
>
> 2. I allege that a group of Black Hat Hackers have interfered with the progression of the above-captioned case by –

> – Hacking into and hijacking control of the Court's Computer Systems to alter, fabricate, delay, and/or delete documents, records, schedules, and/or court orders/judgments.
>
> – Manipulating vulnerable employees or individuals to cause mishandling, confusion, delay, and unlawful/illegal obstruction of court proceedings and/or justice.
>
> . . . .
>
> 3. Because Online Criminals have interfered with this case and caused its erroneous and unlawful dismissal, a conference is necessary to ensure that the true and legitimate parties have been and will be involved in the litigation process; and that no personation has or will occur.

(Doc. No. 8.)

In the Motion for Taxation of Costs, Fees, and Expenses, (Doc. No. 9), Plaintiff again asserts that this case was dismissed in error or due to fraud on the Court and requests a conference "[d]ue to alleged interference and criminal personation induced and/or committed by Online Criminals (via man-in-the-middle attacks)." Plaintiff also "requests that all Court, lodging, meal and incidental, travel, per diem, and mileage cost, fees, and expenses be taxed against the Defendant."

## II. DISCUSSION

Plaintiff's motions contain overlapping requests for relief. Although Plaintiff states in her Motion for Relief from Judgment or Order that she mailed an amended complaint to the Court on April 29, 2019 and has a written record of the mailing, Plaintiff did not submit the alleged written record or otherwise offer evidence that she submitted an amended complaint to the Court. Instead, Plaintiff's Motion for a Conference and Motion for Taxation of Costs, Fees, and Expenses make clear that

3

Plaintiff seeks relief from the Court's August 9, 2019 order dismissing this case due to alleged criminals hacking into the Court's system, deleting documents, and interfering in this case. Plaintiff's request for a conference is also based on these same allegations. These allegations are unsupported and thus do not provide sufficient grounds for relief from the Court's order or otherwise warrant a conference. In addition, Plaintiff does not provide any basis for an award of costs, fees, or expenses. Therefore, Plaintiff's motions are denied.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Relief from Judgment or Order, (Doc. No. 7), Motion for a Conference, (Doc. No. 8), and Motion for Taxation of Costs, Fees, and Expenses, (Doc. No. 9), are **DENIED**.

Signed: February 21, 2020

Robert J. Conrad, Jr.
United States District Judge